T.C. Summary Opinion 2002-106

UNITED STATES TAX COURT

CHARLES J. AND HYLA J. PORTALUPPI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5558-00S.              Filed August 12, 2002.

Charles J. and Hyla J. Portaluppi, pro se.

<u>William J. Gregg</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' 1995 Federal income tax of $7,277. The issue for decision is whether petitioners are entitled to a claimed loss deduction of $35,000.[1]

Petitioners resided in Alexandria, Virginia, at the time they filed the petition. The stipulation of facts and attached exhibits are incorporated herein by this reference. We combine the findings of fact and conclusions for convenience. All references to petitioner are to Charles J. Portaluppi.

Petitioners formed CJP Systems, a sole proprietorship, in 1988. On March 8, 1989, petitioners incorporated CJP Systems and organized it as a corporation under subchapter C for Federal income tax purposes. Petitioners were the sole stockholders of CJP Systems, Inc. CJP Systems and CJP Systems, Inc. primarily provided roofing and general repair work as a prime or sub-contractor for the U.S. Army Corps of Engineers at Fort Belvoir, Virginia. CJP Systems, Inc. was dissolved in June 1991.

Petitioners assert the following as background to the formation and operation of their business: They initially contributed $25,000 of borrowed funds to the capital of CJP

---

[1] Respondent also adjusted the taxable portion of Social Security and railroad retirement benefits. This adjustment is computational and dependent on the adjustment to income; therefore, we need not address this adjustment.

Systems; by March 1989, they contributed an additional $97,000 to the capital of CJP Systems; the assets of CJP Systems were transferred to CJP Systems, Inc. upon its incorporation; and they contributed $173,000 to the capital of CJP Systems, Inc. from March 1989 through September 1990.

CJP Systems, Inc. used the same checking account as CJP Systems from the time of its incorporation until June 1991. Petitioners produced a copy of the checking account register which begins with a deposit of $25,000 made on September 15, 1988, and ends on September 28 of an unspecified year. The register reflects that nonsequentially numbered checks were written on the account. The years in which the checks were written, the checking account number, and the name of the bank are not identified in the register. Petitioners did not provide copies of cancelled checks or underlying documents supporting the checks.

Petitioners did not file a corporate Federal income tax return on behalf of CJP Systems, Inc. because, as petitioner claimed, CJP Systems, Inc. did not have a profit. Petitioners also did not report any income received from or deduct any expenses of CJP Systems and CJP Systems, Inc. on their individual returns.

Petitioners claimed a business loss deduction of $35,000 on their jointly filed Form 1040, U.S. Individual Income Tax Return,

for the 1995 taxable year.  Although petitioners deducted the

business loss on line 12 of the return as a Schedule C loss, they

did not attach a Schedule C, Profit or Loss From Business, to the

return.

The notice of deficiency determined that petitioners were

not entitled to the claimed loss deduction.[2]  The notice of

deficiency further determined the following:

> [The nonbusiness bad debt] can be deducted as a short-term
> capital loss.  Capital losses are deductible only to the
> extent of capital gains plus $3,000 * * *.  We have adjusted
> your loss accordingly, and you may carry any unused loss
> forward to future years.  Accordingly, your taxable income
> is increased $35,000 for tax year 1995.

Generally, the burden of proof is on the taxpayer.  Rule

142(a)(1).  The burden of proof may shift to the Commissioner

under section 7491 if the taxpayer establishes that he complied

with the requirements of section 7491(a)(2)(A) and (B) to

substantiate items, maintain required records, and fully

cooperate with the Secretary's reasonable requests.  Section 7491

is effective with respect to court proceedings arising in

connection with examinations by the Commissioner commencing after

July 22, 1998, the date of its enactment by section 3001(a) of

the Internal Revenue Service Restructuring and Reform Act of

1998, Pub. L. 105-206, 112 Stat. 685, 726.

---

[2]  The adjustment resulted in a net decrease in petitioners'
income of $32,000.

It is not clear from the record when respondent commenced the audit of petitioners' return.  Even if we were to conclude that section 7491 were applicable, petitioners have not complied with the requirements of section 7491.  Accordingly, the burden of proof remains upon petitioners.

Petitioners generally allege that the loss was incurred as the result of an uncollectible judgment of $195,000 awarded to CJP Systems, Inc. pursuant to a cross-claim filed in <u>United States v. Certified Sur. Mgmt., Inc. et al.</u>, docket No. 91-0093-A.  Petitioners have neither explained why they are entitled to deduct on their individual return the loss allegedly incurred by their corporation, nor demonstrated how the loss was incurred. For example, petitioners have not argued that they are entitled to a worthless stock deduction under section 165(g), that the loss represents a deductible bad debt under section 166, or any other theory.  Petitioners also have not explained their position as to the proper characterization of the loss.  Petitioner testified that they contributed money to CJP Systems, Inc. as capital contributions, not as loans.  As petitioner explained at trial: "Any money that had been invested in the company I think should be considered a capital loss."

Petitioners assert that even if they are not entitled to deduct a loss with respect to contributions made to CJP Systems, Inc. they are nevertheless entitled to deduct a loss with respect

to contributions made to CJP Systems prior to its incorporation, which may be carried over.  Petitioners, however, have failed to provide a theory under which they could deduct the loss under these facts.

Taxpayers are required to maintain records that are sufficient to enable the Commissioner to determine their correct tax liability.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs.

Petitioners have not made any comprehensible argument or produced sufficient evidence to show that they actually incurred a loss and that the loss is deductible as other than a capital loss, and there is nothing in the record that would lead us to conclude that the claimed loss is deductible as an ordinary loss. Respondent's determination is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.